**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leodor LINTON, Defendant–Appellant.**

**No. 01–5120.**

United States Court of Appeals,
Sixth Circuit.

April 1, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

MERRITT, Circuit Judge.

In this direct criminal appeal from a guilty plea and a sentence of ten years imprisonment for the possession with intent to distribute six kilos of cocaine and 450 grams of heroin, the defendant seeks to appeal (1) the district court's order overruling the defendant's motion to suppress the drugs found in his automobile, and (2) the ruling of the district court finding that the defendant had not made a full disclosure of the facts surrounding his offense and, in fact, had given false information, and hence was not entitled to a reduced sentence under the Sentencing Guidelines.

The government in its reply brief points out that, in appealing the district court's ruling on the defendant's motion to suppress evidence, the defendant has not complied with the elementary requirements under Rule 11 respecting guilty pleas. Rule 11(a)(2) states:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion.

In the present case the defendant did not comply with this rule. He did not seek to enter a conditional plea but rather entered an unconditional plea by failing to seek the approval of the court and the consent of the government to appeal. The defendant does not respond to the government's argument in this respect. We find nothing in the record that would indicate compliance with Rule 11(a)(2). We therefore will not address the merits of the defendant's arguments respecting his motion to suppress. He has waived his right to raise this issue on appeal from a guilty plea.

On the second question raised by the defendant concerning his entitlement to a reduced sentence because he has truthfully provided the government with all information concerning the offense, we apply a clearly erroneous standard to the district court's findings of fact. The district court found, and we are unable to say based on the record that the district court findings are clearly erroneous, that the defendant gave several conflicting versions of the facts surrounding the offense and the events leading up to his arrest. We therefore do not think that the district court erred in declining to give the defendant the benefit of § 3553(f) of Title 18 U.S.C. as interpreted in § 5C1.2 of the United States Sentencing Guidelines.

Accordingly, the judgment of the district court is AFFIRMED.